# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**TRAVIS G. DICKEY**                                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:16-CV-P712-TBR**

**JOE RAPIER et al.**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Travis G. Dickey, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed in part and allowed to continue in part.

## I. SUMMARY OF CLAIMS

Plaintiff is currently incarcerated at the Fulton County Detention Center. His allegations concern his prior incarceration at the Bullitt County Detention Center (BCDC). He names as Defendants BCDC Deputy Jailer Joe Rapier in his individual and official capacities; BCDC Chief Jailer Martha Knox in her official capacity; and BCDC Captain Misty Burkhead in her individual capacity.

Plaintiff alleges that on May 26, 2016, Defendant Rapier illegally strip-searched him without probable cause. Plaintiff alleges that this conduct violated his Fourth Amendment rights. In particular, he alleges that Defendant Rapier violated his rights

> when he illegally searched me for the second time. Officer Rapier stated 'he thought I had been a victim of rape.' This was an unreasonable search nor did he have probable cause to strip search me for the second time. He stated that he wanted to have me checked out by medical staff which never happened. Officer Rapier went outside his professional guidelines as a jail deputy and used abusive official conduct.

Plaintiff next alleges that in June 2016 a friend came to the jail to speak to Defendant Knox about the issues of sexual harassment Plaintiff had been facing, stating that Plaintiff did not want to release the deputy's name for fear of retaliation. After this meeting, Defendant Knox pulled Plaintiff from his cell, and Plaintiff told her about an officer who had been stalking him on his Facebook page and had made comments about Plaintiff's profile picture in front of his entire cell. He also told Defendant Knox about the strip search. Plaintiff alleges that Defendant Knox was "very unprofessional," became mad at him, and told him that she could not help him if he did not give her the name of the officer. Plaintiff states that Defendant "tried and tried to coerce" Plaintiff into telling her the officer's name. He alleges that this conduct was a violation of his Fifth and Fourteenth Amendment rights.

Plaintiff states that his friend gave Defendant Knox the name of the officer (Defendant Rapier). Plaintiff alleges that Defendant Knox stated that she would look into it but would not tell Defendant Rapier of the allegations against him.

Plaintiff states that on July 4, 2016, Defendant Rapier, along with other officers, conducted a cell search. During the search, Defendant Rapier told the officer patting down Plaintiff "'to pat that mother f***er down and keep him away from [Defendant Rapier] and to make sure he's on camera when he pats me down.'" This remark indicated to Plaintiff that Defendant Knox had told Defendant Rapier about Plaintiff's allegations despite being warned of the danger to Plaintiff. He alleges that Defendant Rapier retaliated against him on July 12, 2016, by leaving Plaintiff in segregation, where Plaintiff was told that he had been placed "due to 'no bed space.'" He alleges that being placed in segregation was a "Violation of 8th Amendment cruel and unusual punishment." Plaintiff states that he was told two days later that he was now in segregation "per Captain Burkhead until further notice which completely contradicts 1st shifts

story of me being in disciplinary segregation due to no bed space because Captain Burkhead works 3rd shift and oversees all disciplinary actions." Plaintiff states that he spoke to Defendant Burkhead on July 15 and was told she had no knowledge of "anything in regards to me or why I was in segregation."

Plaintiff states that grievances he filed regarding Defendant Rapier received no response. He further states that he requested to speak to the Prison Rape Elimination Act (PREA) officer, Defendant Burkhead; explained to her the situation with Defendant Rapier; and requested to be moved to another hall to be away from Defendant Rapier. Defendant Burkhead told Plaintiff that she would start a PREA investigation. However, Plaintiff states that when he was released from segregation he still had contact with Defendant Rapier. Plaintiff states that he wrote a grievance stating that he did not feel safe and did not want Defendant Rapier to search his belongings without Plaintiff being present. Defendant Burkhead advised him that this was not a grievable issue. Defendant Burkhead told him that if he did not feel safe his only option was to be placed into administrative segregation, which Plaintiff alleges is "[a] violation of my 8th Amendment cruel and unusual punishment."

Plaintiff states that on July 25, he asked Defendant Burkhead to stop her investigation, hand it over to outside authorities, and have an advocate come and speak to Plaintiff. He states that she ignored his request.

As relief, Plaintiff asks for punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. *Official-capacity claims*

Plaintiff's official-capacity claims against Defendants Rapier and Knox must be dismissed.

If an action is brought against an official of a governmental entity in his or her official capacity, the suit should be construed as brought against the governmental entity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, in the case at bar, Plaintiff's claims against the employees of Bullitt County in their official capacities are actually brought against the Bullitt County government.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff has not identified a policy or custom that was the moving force behind the alleged constitutional violations. Thus, the official-capacity claims fail to state a claim.

***B. Individual-capacity claims***

***Defendant Rapier***

Plaintiff alleges that Defendant Rapier illegally strip-searched him in violation of his Fourth Amendment rights. Plaintiff also alleges that Defendant Rapier retaliated against him and violated his Eighth Amendment right to be free from cruel and unusual punishment by leaving Plaintiff in segregation.

- *Strip search*

The strip search of an inmate is not necessarily a constitutional violation. "'[P]articularized searches where objective circumstances indicate such searches are needed to maintain institutional security' [are] permissible . . . ." *Jackson v. Herrington*, 393 F. App'x 348, 355 (6th Cir. 2010) (per curiam) (citation omitted). For example, a strip search of inmates after a handcuff key is reportedly missing (whether that belief turned out to be mistaken or not) would not violate the Fourth Amendment. *Patton v. Kentucky*, No. 1:12CV-P86-M, 2012 WL 3096618, at *4 (W.D. Ky. July 30, 2012).

While the complaint suggests that the strip search occurred because Defendant Rapier thought that Plaintiff had been raped, it is not clear whether such a search would be an objective circumstance where a strip search would be needed. Additionally, Plaintiff alleges that Defendant Rapier stated that he would have Plaintiff checked out by medical staff, which would be a reasonable next step to take if rape really were suspected; but, according to Plaintiff, no such examination by medical staff occurred. Therefore, the Court will allow to go forward Plaintiff's claim regarding the strip search against Defendant Rapier in his individual capacity.

- *Segregation*

Plaintiff claims that Defendant Rapier violated his Eighth Amendment rights when he left him in segregation.  However, because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment claim.  *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); s*ee also Estep v. Million*, No. 98-6322, 1999 WL 776202, at *1 (6th Cir. 1999) (finding that  21 extra days in segregation did not violate the Eighth Amendment); *Kelly v. Hursh*, No. 2:09-cv-19, 2010 WL 1052664, at *7 (W.D. Mich. Mar. 22, 2010) (finding that six-months of administrative segregation did not violate the Eighth Amendment).  As such, Plaintiff fails to state a claim upon which relief may be granted.

- *Retaliation*

Plaintiff alleges that Defendant Rapier retaliated against him on July 12, 2016, by leaving him in segregation.  It appears that Plaintiff is alleging that the alleged retaliation was in response to Plaintiff having told Defendant Knox about Defendant Rapier's alleged harassment of him.

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, Plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id*.

"A transfer to administrative segregation would be considered a sufficiently adverse action."  *Jones v. Michigan*, 698 F. Supp. 2d 905, 916 (E.D. Mich. 2010) (citing *Thaddeus-X v.*

*Blatter*, 175 F.3d at 396). The Court will assume for purposes of this initial screening that Plaintiff was engaged in protected conduct in reporting Defendant Rapier and thereby initiating a PREA investigation. *Pickard v. Hardy*, No. 3:15-CV-P305-DJH, 2016 WL 865327, at *5 (W.D. Ky. Mar. 2, 2016); *cf. Alverto v. Dep't of Corr.*, No. C11-5572 RJB/KLS, 2012 WL 6025617, at *27 (W.D. Wash. Nov. 15, 2012), *report and recommendation adopted*, No. C11-5572 RJB, 2012 WL 6023868 (W.D. Wash. Dec. 4, 2012), and *report and recommendation adopted*, No. C11-5572 RJB, 2012 WL 6150043 (W.D. Wash. Dec. 11, 2012). Plaintiff has alleged that the retaliatory conduct was motivated by the protected conduct. The Court will allow this claim to go forward against Defendant Rapier in his individual capacity.

### *Defendant Knox*

Plaintiff does not sue Defendant Knox in her individual capacity. However, there is no need to allow Plaintiff to amend the complaint to name her in her individual capacity because Plaintiff's allegations against her fail to state a claim. Plaintiff alleges that Defendant Knox violated his Fifth and Fourteenth Amendment rights when she questioned him about the name of the officer who had strip-searched him and looked at his Facebook profile picture. He also alleges that, after Defendant Knox was told Defendant Rapier's name, she failed to protect Plaintiff and placed him in "substantial risk of serious harm."

- *Questioning*

Defendant Knox's questioning of Plaintiff did not violate the Fifth or Fourteenth Amendment.

The Fifth Amendment, applicable to a state arrestee like Plaintiff through the Fourteenth Amendment, *see, e.g.*, *Wilson v. Wilkinson*, 608 F. Supp. 2d 891, 900 (S.D. Ohio 2007), protects one accused of a crime from being compelled to be a witness against himself. *Hiibel v. Sixth*

*Judicial Dist. Court of Nev.*, 542 U.S. 177, 189 (2004). Here, at the relevant time, Plaintiff was already incarcerated. He was not charged with a new crime or subject to a criminal action, nor was he compelled to make a self-incriminating statement in a criminal proceeding. Plaintiff, therefore, fails to state a claim under the Fifth Amendment. *See Fox v. Smith*, No. 1:06CV637, 2006 WL 3446505, at *3 (W.D. Mich. Nov. 28, 2006).

- *Failure to protect*

Plaintiff alleges that Defendant Knox failed to protect him after she learned the name of Plaintiff's alleged harasser, Defendant Rapier.

In the prison context, the Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). An Eighth Amendment claim also requires an inmate to plead and prove that he suffered some non-*de minimis* physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). Because Plaintiff alleges no injury, he fails to state a claim upon which relief may be granted. *Wells v. Jefferson Cty. Sheriff Dep't*, 159 F. Supp. 2d 1002, 1010 (S.D. Ohio 2001) (finding failure-to-protect claim failed because plaintiff did not plead that he suffered any physical injury). This reasoning also applies where, as here, Plaintiff's claims are for punitive damages. *See Dyer v. Hardwick*, No. 10-CV-10130, 2011 WL 4036681, at *8 (E.D. Mich. Aug. 1, 2011), *report and recommendation adopted*, No. 10-CV-10130, 2011 WL 3918412 (E.D. Mich. Sept. 7, 2011).

### Defendant Burkhead

Plaintiff states that Defendant Burkhead was the PREA officer. Plaintiff alleges that she stated that she would begin a PREA investigation but did not make sure that Plaintiff was removed from contact with Defendant Rapier. When Plaintiff filed a grievance stating that he

did not feel safe and that he did not want Defendant Rapier to search his belongings outside of his presence, Defendant Burkhead allegedly responded that this was not a grievable issue. She also told him that, if he did not feel safe, his only option was to be placed into administrative segregation, which Plaintiff alleges is "[a] violation of my 8th Amendment cruel and unusual punishment." Plaintiff also alleges that when he asked Defendant Burkhead to stop her investigation, to hand it over to outside authorities, and to have an advocate come and speak to Plaintiff, she ignored his request.

- *Failure to protect*

Plaintiff alleges that Defendant Burkhead did not remove him from contact with Defendant Rapier and told him that, if he did not feel safe, his only option was to be put into administrative segregation.

As discussed above, Plaintiff fails to state an Eighth Amendment claim because he does not allege that he suffered some non-*de minimis* physical injury from Defendant Burkhead's failure to protect him. *Wilson v. Yaklich*, 148 F.3d at 600-01. Therefore, this claim will be dismissed.

- *Grievances*

Plaintiff has no right to an effective grievance procedure. *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991). Therefore, being told by Defendant Burkhead that the issue he wished to grieve was not a grievable issue does not state a constitutional claim. *See Ishaaq v. Compton*, 900 F. Supp. at 940-41; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982).

- *Segregation*

As already discussed, placement in administrative segregation is no more than a routine discomfort and is insufficient to support an Eighth Amendment claim. *See Estep v. Million,* 1999 WL 776202, at *1. Thus, Defendant Burkhead's suggestion to Plaintiff that he could enter segregation if he wished to avoid contact with Defendant Rapier did not violate Plaintiff's constitutional rights.

- *PREA*

Plaintiff alleges that when he asked Defendant Burkhead to stop her PREA investigation, to hand it over to outside authorities, and to have an advocate come and speak to Plaintiff, she failed to do so. The PREA does not create a private cause of action which can be brought by an individual plaintiff. *See Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 WL 4104163, at *3 (W.D. Ky. Aug. 19, 2014) ("[T]his Court concludes that the PREA creates no private right of action."). Thus, Plaintiff's allegations relating to Defendant Burkhead's actions not conforming to PREA's requirements fail to state a claim upon which relief may be granted.

## III. ORDER

For the foregoing reasons, the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim: all claims against Defendants Knox and Burkhead; the official-capacity claims against Defendant Rapier; and the individual-capacity claim against Defendant Rapier involving being kept in segregation.

The Clerk of Court is **DIRECTED** to terminate as parties to this action, the following: Defendants Martha Knox and Misty Burkhead.

The Court will enter a separate Scheduling Order to govern the development of the remaining claims, *i.e.*, the claims against Defendant Rapier in his individual capacity regarding

the strip search and retaliation.  In allowing those claims to proceed, the Court expresses no

opinion as to the ultimate merit of those claims.

Date:

cc:      Plaintiff, *pro se*
         Defendants
         Bullitt County Attorney
4413.009